UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| MARY JO BUNDY EVERAGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-00010-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KEVIN STEPHEN WELCH, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on *pro se* plaintiff Mary Jo Bundy Everage's latest filings. In the above-styled action, Everage seeks one hundred million dollars in damages from songwriter Kevin Welch and Nashville Songwriters Association International president Steven Bogard for their alleged violations of her constitutional rights and federal communications statutes. [R. 1.] Everage also moves for leave to proceed *in forma pauperis*. [R. 3.] For the reasons below, the Court will **GRANT** Ms. Everage's motion to proceed *in forma pauperis* but will **DISMISS** all of her claims upon screening.

**I**

Everage's extensive litigation history has been detailed in prior orders of this Court.[1] In the present matter, Everage asserts that Kevin Welch and other unnamed "Germans" are

---

[1] The Eastern District of Kentucky has encountered *pro se* plaintiff Mary Jo Bundy Everage on a number of occasions. Most recently, in February 2019, this Court dismissed Ms. Everage's complaint that requested millions of dollars in damages from the Nashville Songwriters Association International (NSAI) for actions members of NSAI had allegedly taken against her over the last twenty years. *Everage v. Nashville Songwriters Associational International*, Case No. 7:19-cv-10-GFVT, 2019 WL 542291 (E.D. Ky. Feb. 8, 2019). In 2006, during a criminal proceeding against the plaintiff, the court ordered that Ms. Everage be involuntarily administered anti-psychotic medication. *See United States v. Everage*, Case No. 05-cr-11-DLB (E.D. Ky. 2006). And both before and after that time, Everage has been a *pro se* party to a number of civil matters. For example, Everage has filed a complaint for violations of her civil rights

responsible for abusing or mistreating her in various ways, including but not limited to totaling her car in 2003 [R. 1 at 4], surveilling her home [*id.* at 5-6], controlling her cell phone [*id.* at 8], and intruding upon her seclusion, ultimately "monitoring and publishing [her] life all over America and England." [R. 1-2 at 1.] Everage relies on 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Electronic Communications Privacy Act of 1986, and the Telephone Consumer Protection Act of 1991 for her legal authority. [*Id.*]

The Court has reviewed the financial information provided by Everage [R. 3] and will indeed allow Everage to proceed in this matter as a pauper, waiving the administrative and filing fees. In addition, the Court will conduct a preliminary screening of Everage's complaint. *See, e.g., In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting the district court must still screen complaints filed by non-prisoners under § 1915(e)). Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Everage's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. Because Everage is proceeding without an attorney, the Court leniently evaluates her complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Everage's factual allegations as true and liberally construes Everage's legal claims in her favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

---

in conjunction with an arrest, *see Everage v. Whitaker*, Case No. 05-cv-115-KKC (E.D. Ky. 2006); an action regarding her dissatisfaction with a Ford pick-up truck, *see Everage v. Ford Motor Co.*, Case No. 04-cv-549-KKC (E.D. Ky. 2005); a complaint for damages stemming from the 2006 administration of psychotropic medication, *see Everage Real Estate, Inc. v. United States*, No. 7:17-cv-99-EBA (E.D. Ky. 2018); and at least two actions against television networks for their alleged invasions of privacy and "targeting", *see Everage v. Central Broadcasting Sys. Corp., Inc.,* et al., Case No. 7:18-cv-102-KKC (E.D. Ky. 2018); *Everage v. ABC Television Network, Inc.*, et al., Case No. 7:18-cv-119-REW (E.D. Ky. 2018).

**II**

Upon review, and even liberally construing the *pro se* complaint, Everage's claims must be immediately dismissed. To begin, Everage fails to articulate a valid legal basis for her constitutional claims. Everage seeks recovery for alleged constitutional violations under 42 U.S.C. § 1983 and *Bivens,* but the only named defendants are Kevin Welch and Steven Bogard, two private individuals. 42 U.S.C. § 1983 applies only where a defendant acts under the color of state law. *See, e.g., West v. Atkins*, 487 U.S. 42, 48-49 (1988). And the doctrine announced in *Bivens* provides for an implied cause of action where a federal actor violates certain constitutional rights. There is no evidence that either Kevin Welch, described as a "German songwriter," or Steven Bogard, described as the president of the Nashville Songwriters Association International, were acting under color of state law for purposes of § 1983 or were federal actors to implicate *Bivens*. Everage simply has not alleged that the two men are or were anything beyond private actors, and her claims against them for violations of her constitutional rights will thus be dismissed. *See, e.g., Jackson v. Metropolitan Edison Co*., 419 U.S. 345 (1974).

And as for Everage's reference to the Electronic Communications Privacy Act of 1986 and the Telephone Consumer Protection Act of 1991, Everage has not stated plausible claims for relief under those two federal laws. Federal Rule of Civil Procedure 8(a) requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and related United States Supreme Court case law requires all complaints to have facial plausibility. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). While Everage lists the two federal communications statutes in her statement of claims, she makes no real effort to explain how or why she should be allowed to recover under the two laws. Further,

Everage broadly asserts that "'techies' out of Nashville" have hacked her phone, car radio, and home computer "[b]ecause of and through Welch" [*see* R. 1-2 at 2], but the complaint offers no actual details about the personal involvement of Welch and Bogard, the only two defendants, with respect to the hacking. This falls short of the required short, plain, and plausible statement showing her entitlement to relief.

Notably, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). After reviewing the complaint and its context, the Court finds that Everage's attempts to recover under the Electronic Communications Privacy Act of 1986 and the Telephone Consumer Protection Act of 1991 do not provide the required level of facial plausibility under the Federal Rules of Civil Procedure or governing case law. *See Ashcroft*, 556 U.S. at 678-79 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Apple*, 183 F.3d at 479. Like the constitutional claims, then, Everage's communications claims are also properly dismissed upon screening. *See* 28 U.S.C. § 1915(e)(2).

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The plaintiff's motion to proceed in forma pauperis [R. 3] is **GRANTED** and the filing and administrative fees in this matter are **WAIVED**;

2. This matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2); and

3. Judgment shall be entered contemporaneously herewith.

This the 28th day of January, 2020.

Gregory F. Van Tatenhove
United States District Judge